IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| KAYE AND DAVID MOBLEY, | : | Case No. 3:15-cv-69 |
| | : | |
| Plaintiffs, | : | Judge Thomas M. Rose |
| | : | |
| v. | : | |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Defendant. | : | |

_____

**ENTRY AND ORDER GRANTING DEFENDANT UNITED STATES OF
AMERICA'S MOTION FOR SUMMARY JUDGMENT (DOC. 15)**
_____

This case is before the Court on the United States of America's (the "United States") Motion for Summary Judgment. (Doc. 15.) Plaintiffs Kaye[1] and David Mobley (together, "the Mobleys") brought this action for damages based upon the United States' alleged negligence with regard to the upkeep, maintenance, installation, and design at Monongahela National Forest in West Virginia. (Doc. 15.) The Mobleys assert two claims in the Complaint: negligence and loss of consortium. (Doc. 1 at ¶¶ 2-4.) The United States moves for summary judgment in its favor on both of the Mobleys' claims. (Doc. 15.) In response to the United States' motion, the Mobleys did not address their loss of consortium claim. (Doc. 20.) As discussed below, the Court **GRANTS** the United States' Motion for Summary Judgment.[2] (Doc. 15.)

**I.      BACKGROUND**

The facts are not in dispute. On May 11, 2013, Mrs. Mobley and her friends visited the

---

1. The Complaint identifies Plaintiffs as "Kay and David Mobley." (Doc. 1.) However, at deposition, Mrs. Mobley testified that her first name is spelled "K-A-Y-E." (Doc. 17 at 6:16-19.) The Court therefore uses "Kaye" instead of "Kay" in this Entry and Order and has modified the caption to reflect the correct spelling of Mrs. Mobley's first name.
2. The Court acknowledges the valuable contribution and assistance of judicial extern Russell Knowles in drafting this opinion.

Monongahela National Forest in West Virginia ("National Park").  (Doc. 1 at ¶ 2.)  While at the National Park, Mrs. Mobley ascended the stairs to the observation tower at Spruce Knob National Recreation Area.  (*Id.*)   When Mrs. Mobley reached the top step, she stumbled, fell, and suffered injuries to her right elbow, left hand, and left arm.  (*Id.* at ¶¶ 2-3.)  On the day of the incident, neither Mrs. Mobley nor her friends paid any type of admission or entrance fee to enter the National Park.  (Doc. 15 at 2.)

The Spruce Knob National Recreation Area is part of the Monongahela National Forest in West Virginia and was established by the 89th Congress on September 28, 1965.  (Doc. 15 at 2.) Monongahela National Forest was established "in order to provide for a public outdoor recreation use and enjoyment thereof by the people of the United States."  *Spruce Knob-Seneca Rocks National Recreation*, 89 Pub. L. No. 207, §1, 79 Stat. 843 (codified as amended at 16 U.S.C. § 460p-1 (1965)).  The United States, through the Department of Agriculture National Forest Service, oversees and operates Spruce Knob National Recreation Area.  (Doc. 15 at 2.)

## II.   SUMMARY JUDGMENT STANDARD

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c). Alternatively, summary judgment is denied "[i]f there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party."  *Hancock v. Dodson*, 958 F.2d 1367, 1374 (6th Cir.1992) (quoting *Anderson*, 477 U.S. at 250).

2

The party seeking summary judgment has the initial burden of informing the court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file together with the affidavits which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the nonmoving party who "must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 250 (quoting Fed. R. Civ. P. 56(e)). Once the burden of production has shifted, the party opposing summary judgment cannot rest on its pleadings or merely reassert its previous allegations. It is not sufficient to "simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rule 56 "requires the nonmoving party to go beyond the [unverified] pleadings" and present some type of evidentiary material in support of its position. *Celotex Corp.*, 477 U.S. at 324.

In determining whether a genuine issue of material fact exists, a court must assume as true the evidence of the nonmoving party and draw all reasonable inferences in favor of that party. *Anderson*, 477 U.S. at 255. If the parties present conflicting evidence, a court may not decide which evidence to believe by determining which parties' affirmations are more credible. 10A *Wright & Miller, Federal Practice and Procedure*, § 2726. Rather, credibility determinations must be left to the fact-finder. *Id.* The mere existence of a scintilla of evidence in support of the nonmoving party, however, is not sufficient to avoid summary judgment. *Anderson*, 477 U.S. at 252. "There must be evidence on which the jury could reasonably find for the plaintiff." *Id.* The inquiry, then, is whether reasonable jurors could find by a preponderance of the evidence that the nonmoving party is entitled to a verdict. *Id.*

3

In ruling on a motion for summary judgment, "[a] district court is not ... obligated to wade through and search the entire record for some specific facts that might support the nonmoving party's claim." *InterRoyal Corp. v. Sponseller*, 889 F.2d 108, 111 (6th Cir.1989), cert. denied, 494 U.S. 1091 (1990). Thus, the court is entitled to rely upon the Rule 56 evidence specifically called to its attention by the parties. The Rule 56 evidence includes the verified pleadings, depositions, answers to interrogatories and admissions on file, together with any affidavits submitted. Fed. R. Civ. P. 56(c).

## III. ANALYSIS

"The United States is immune from suit unless it gives consent to be sued." *Winebrenner v. United States*, 389 F. Supp. 2d 716, 718 (S.D.W.Va. 2005). The Federal Tort Claims Act ("FTCA") provides a limited waiver of sovereign immunity allowing the United States to be held liable on tort claims to the same extent as a private individual under like circumstances. 28 U.S.C. § 2674. In an FTCA case, the determination of the United States' liability, if any, is based on the law of the place where the incident occurred. *See* 28 U.S.C. § 2672. Here, the Court therefore applies West Virginia Law, and, specifically, the West Virginia Recreational Use Statute, W. Va. Code § 19-25-1, et seq.

Contrary to the plain meaning of the FTCA, the Mobleys argue that the United States' tort liability in this case is equivalent to that of a governmental entity under West Virginia law. (Doc. 20 at 2.) Moreover, the Sixth Circuit rejected this very argument in *Cagle v. United States*, 937 F.2d 1073 (6th Cir. 1991), stating that a "private individual" is equivalent to a private landowner, not a governmental entity, under the FTCA. *Id.* at 1075. The Mobleys dismiss the Sixth Circuit's discussion of this issue in *Cagle* as dicta because, in that case, the recreational use

4

statute at issue applied to both private and governmental entities.  Regardless of whether it is dicta, however, the Sixth Circuit's analysis is persuasive and consistent with other courts' determination of this issue.  *See Proud v. United States*, 723 F.2d 705, 707 (9th Cir. 1984); *Hegg v. United States*, 817 F.2d 1328, 1329-30 (8th Cir. 1987); *Guttridge v. United States*, 927 F.2d 730, 732-33 (2d Cir. 1991); *Hannon v. United States*, 801 F.Supp. 323, 326 (E.D. Cal. 1992); *Woods v. United States*, 909 F.Supp. 437, 440-41 (W.D. La. 1995).

The West Virginia Recreational Use Statute is designed to encourage landowners to make their land available to the public for recreational use.  W. Va. Code § 19-25-1.  Under the statute, "[a]n owner of land who either directly or indirectly invites or permits without charge, any person to use such property for recreational . . . purposes does not thereby: (a) extend any assurance that the premises are safe for any purpose; or (b) confer upon such persons the legal status of an invitee or licensee to whom a duty of care is owed; or (c) assume responsibility for or incur liability for any injury to person or property caused by an act or omission of such persons."  W. Va. Code § 19-25-2.  In order to prevail on a negligence claim where the Recreational Use Statute applies, a plaintiff therefore must show either:  (1) "deliberate, willful, or malicious infliction of injury to persons or property," or (2) that the landowner charged the person or persons who entered the land, "other than the amount, if any, paid to the owner of the land by the federal government or any agency thereof, the state or any agency thereof, or any county or municipality or agency thereof."  W. Va. Code § 19-25-4.

It is undisputed that Mrs. Mobley was not charged any fee to enter the National Park.  As a result, under the West Virginia Recreational Use Statute, the United States cannot be liable unless the Mobleys show that it acted deliberately, willfully, or maliciously in causing Mrs. Mobley's

5

injury.  W. Va. Code § 19-25-4.  The Mobleys have neither alleged nor made any showing that the United States acted in such a manner here.  The Mobleys claim only that the United States was negligent in its warning and maintenance of the stairs to the observation tower.

In their memorandum in opposition to the Motion for Summary Judgment, the Mobleys do not address the United States' argument that Mr. Mobley's loss of consortium claim cannot be brought against the United States.  (Doc. 20.)  That failure alone warrants summary judgment in the United States' favor on that claim.  On the merits, the loss of consortium claim also fails. Before a claimant can bring an action against the United States, he must first present the claim to the appropriate federal agency for its consideration.  28 U.S.C. § 2675(a).  As Mr. Mobley's deposition transcript reflects, he did not file any claim with the Forest Service before instituting this action.  (Doc. 19 at 10.)  His claim for loss of consortium therefore also fails as a matter of law.

## IV.    CONCLUSION

For the reasons stated above, the Court **GRANTS** the United States's Motion for Summary Judgment (Doc. 15).  The Clerk is **ORDERED** to enter final judgment and **TERMINATE** this action on the Court's docket.

**DONE** and **ORDERED** in Dayton, Ohio, this Wednesday, October 12, 2016.

s/Thomas M. Rose
_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE

6